# ADVERSARY PROCEEDING COVER SHEET

ADVERSARY PROCEEDING NUMBER
(Court Use Only):

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| LaChance Financial Services, Inc. | Michael L. Marchand |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Kevin C. McGee<br>Seder & Chandler<br>339 Main Street<br>Worcester, MA 01608<br>(508) 757-7721 | **ATTORNEYS** (If known) |

**PARTY** (Check one box only)  ☐ 1 U.S. PLAINTIFF  ☐ 2 U.S. DEFENDANT  ■ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint seeking denial of the debtors discharge pursuant to 11 USC § 727(a)(4), 11 USC § 727(a)(3) AND 11 USC § 727(a)(2)(a)

## NATURE OF SUIT
(Check the one most appropriate box only)

☐ 454 To Recover Money or Property
☐ 435 To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property
☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property
■ 424 To object to or revoke a discharge 11 U.S.C. §727

☐ 455 To revoke an order of confirmation of a Chap. 11 or Chap. 13 Plan
☐ 426 To determine the dischargeability of a debt 11 U.S.C. §523
☐ 426 To obtain an injunction or other equitable relief
☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan

☐ 456 To obtain a declaratory judgment relating to any of foregoing causes of action
☐ 459 To determine a claim or cause of action removed to a bankruptcy court
☐ 459 Other (specify)

**ORIGIN OF PROCEEDINGS** (Check one box only)
■ 1 Original Proceeding  ☐ 2 Removed Proceeding  ☐ 4 Transferred to Another Bankruptcy Court  ☐ 5 Reinstated or Reopened

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

| DEMAND | NEAREST THOUSAND $ | OTHER RELIEF SOUGHT<br>Denial of discharge | ☐ JURY DEMAND |
|---|---|---|---|

### BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR<br>Michael L. Marchand | BANKRUPTCY CASE NO.<br>05-50831-JBR |
|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>Massachusetts | DIVISIONAL OFFICE<br>Western | NAME OF JUDGE<br>Hon. Joel B. Rosenthal |

### RELATED ADVERSARY PROCEEDING

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

**FILING FEE** (check one box only)  ■ FEE ATTACHED  ☐ FEE NOT REQUIRED  ☐ FEE IS DEFERRED

| DATE<br>March 16, 2006 | PRINT NAME OF ATTORNEY<br>Kevin C. McGee | SIGNATURE OF ATTORNEY<br>/s/Kevin C. McGee |
|---|---|---|

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**WESTERN DIVISION**

|  |  |
|---|---|
| In re: ) | |
| ) | CHAPTER 7 |
| MICHAEL L. MARCHAND, ) | CASE NO.05-50831-JBR |
| ) | |
| Debtor ) | |
| ) | |
| LACHANCE FINANCIAL SERVICES, ) | |
| INC., ) | ADVERSARY PROCEEDING |
| Plaintiff ) | NO. |
| v. ) | |
| MICHAEL L. MARCHAND, ) | |
| Defendant ) | |

**COMPLAINT OBJECTING TO THE DEBTOR'S DISCHARGE**

<u>**PRELIMINARY MATTERS**</u>

1. Plaintiff Lachance Financial Services, Inc. ("LFS") is a duly organized Massachusetts corporation, with a principal place of business in Marlborough, Massachusetts.

2. Defendant Michael L. Marchand ("Debtor") is an individual and the debtor in the above-captioned bankruptcy case.

3. This matter is an adversary proceeding "arising out" of the above-captioned, pending bankruptcy case within the meaning of 28 U.S.C. §157(a).

4. This matter is a "core proceeding" pursuant to 28 U.S.C. §157(b)(2)(J) and the Court is empowered pursuant to 28 U.S.C. §157(b)(1) to issue final orders and judgments in this adversary proceeding.

**FACTS COMMON TO ALL COUNTS**

5.  The Debtor previously filed a Chapter 13 bankruptcy case, on July 27, 1999, Case No. 99-44891-JFQ (the "1999 Case").

6.  Prior to the 1999 Case, the Debtor was engaged, as a sole proprietor under the name "Relief Portable Services," in the business of portable toilet rental and the collection and disposal of waste.

7.  From 1995 through 1998, LFS rented portable toilets, trash containers, trucks and related equipment to the Debtor d/b/a Relief Portable Services, under multiple finance lease agreements.

8.  At the time of the 1999 Case, the Debtor was in default on all of the Debtor's leases with LFS, and LFS was owed approximately $363,000.00, excluding attorneys' fees and costs.

9.  Prior to the filing of 1999 Case, on July 12, 1999, the Debtor filed a complaint against LFS in Worcester Superior Court, alleging conversion, interference with contractual relationships, and violation of M.G.L. c. 93A (the "Superior Court Case"). The Debtor also filed a motion, seeking an injunction requiring LFS to return to the Debtor certain leased vehicles and equipment repossessed by LFS, and a short order of notice thereon.

10. On July 23, 1999, LFS filed its answer to the Debtor's complaint in the Superior Court Case, as well as counterclaims based upon breach of contract, conversion, replevin, account annexed, breach of implied covenant of good faith and fair dealing, and violation of M.G.L. c. 93A.

11. The Debtor's filing of the 1999 Case stayed the Superior Court Case, including the Debtor's motion for a preliminary injunction.

12. On August 12, 1999, the Bankruptcy Court (Queenan, J.), on LFS's motion for relief from stay, granted immediate relief from the automatic stay with respect to four (4) leases, and ordered that relief from stay would be granted with respect to the other leases upon affidavit of non-payment of August 1999 rent due under such leases.

13. On August 20, 1999, LFS's counsel filed LFS's affidavit of non-payment, in which LFS requested relief from the automatic stay on the remaining leases, as well as an order requiring the return of LFS's equipment to it.

14. On the same day, the Debtor, without bankruptcy court authorization, endorsed a $22,000.00 check that had been made payable to the Debtor, over to Relief Corp., LLC ("RCL"), a Rhode Island limited liability company formed by the Debtor's wife (Alison Marchand) and the Debtor's father in law (Robert Cloutier).

15. According to the Debtor's own testimony at a Rule 2004 examination taken by LFS, on November 15 & 29, 1999: (a) RCL engaged in the same business as the Debtor, i.e., renting and maintaining portable toilets; (b) during the pendency of the 1999 Case, the Debtor "helped out" RCL by negotiating RCL's contract with Poly-John Financial, LLC, writing out checks on RCL's bank account, permitting RCL to use the Debtor's business premises at 177 River Road, Uxbridge, MA (the "River Road Property") to store toilets, and referring several of his toilet customer to RCL for toilet rentals; (c) on September 17, 1999, the Debtor filled out a lease application for RCL, which he signed as "president", and permitted the River Road Property to be used as an address for RCL on RCL's checks.

16. On December 15, 1999, LFS and Denise Pappalardo, the Chapter 13 trustee for the 1999 Case, filed a joint motion to convert the 1999 Case from Chapter 13 to Chapter 7, based, in part, upon the Debtor's admitted involvement in, and funding of, RCL during the

pendency of the 1999 Case.

17. On January 27, 2000, on motion by the Debtor in advance of a hearing scheduled for the joint motion to convert on the same day, the Court entered an order dismissing the 1999 Case and prohibiting the Debtor from filing any Chapter 13 case, or converting any case filed in another chapter to Chapter 13, for three (3) years after the date of entry of such order.

18. On the same day, after the Court entered the order dismissing the 1999 Case, LFS filed its Verified First Amended Answer and Counterclaims in the Superior Court Case, in which it added Robert Cloutier, Alison Marchand, and RCL as parties, as well as a counterclaim, under M.G. L. c.109A, seeking avoidance of the Debtor's intentional fraudulent transfer of certain of his business asset to RCL, including customer checks, business opportunities, and prospective orders of customers of his sole proprietorship (the "First Amended Answer and Counterclaims").

19. Subsequently, the Debtor was defaulted in the Superior Court Case, pursuant to Mass. R. Civ. P. 33, for failure to answer LFS's interrogatories to the Debtor. On May 2, 2003, the Worcester Superior Court entered final judgment against the Debtor, in the total amount of $467,924.72, plus costs.

20. The Debtor has appealed LFS's May 2, 2003 final judgment; however, the appeal has not yet been transferred to the Appeals Court, due to the Debtor's delay in compiling the record.

21. On October 14, 2005 (the "Petition Date"), the Debtor filed an original, voluntary petition under Chapter 7 of the United States Bankruptcy Code, thereby commencing the above-captioned bankruptcy case.

22. In his schedules filed in the above-captioned bankruptcy case, the Debtor states that his only significant asset is the River Road Property, which he now claims is his dwelling

and in which he asserts a state homestead exemption. The Debtor also states that he leases the River Road Property to another business, for a monthly rent of $1,000.00, and that he works as the office and sales manager for Smart Companies, LLC ("SmartCo").

23. SmartCo, like RCL and "Relief Portable Services", leases portable toilets and other commercial equipment. SmartCo's manager-owner is Nichole Tingley ("Tingley"), the mother of the Debtor's two-year old child.

24. On December 1, 2005, the Debtor's Chapter 7 trustee, Janice Marsh (the "Trustee"), conducted the Debtor's meeting of creditors pursuant to 11 U.S.C. §341(a) (the "§341 Meeting").

25. At the §341 Meeting, the Trustee asked the Debtor whether he had transferred any assets of any kind, out of the ordinary course of business or to family members, within the four (4) years preceding the Petition Date. In response, the Debtor testified, under oath, that he had not made any such transfers within the four (4) year period.

26. On February 22 and 23, 2006, LFS, pursuant to this Court's order dated January 19, 2006, took the depositions of Richard Marchand (the Debtor's uncle), Tingley, and the Debtor, pursuant to Fed. R. Bankr. P. 2004(a).

27. Prior to the 2004 examinations, LFS also served document requests on each of the deponents.

28. In response to LFS's twenty-eight (28) broad document requests, the Debtor produced only four documents, consisting of a December 2002 electric bill on the River Road Property and three documents relating to the review and removal of a septic system on the River Road Property. The Debtor failed to produce any bank statements, W-2s, copies of checks, tax returns, receipts, invoices, or other documents related to his finances or assets.

29. At his 2004 examination on February 23, 2006 (the "Debtor Examination"), the Debtor testified that he paid all his obligations by cash or money order, that he did not maintain any bank account due to his fear that creditors would attach the account, and that either he could not find other financial and asset records requested by LFS, or such records did not exist.

30. In Tingley's February 22, 2006 examination under Fed. R. Bankr. P. 2004 (the "Tingley Examination") and in the Debtor Examination, respectively, both Tingley and the Debtor testified that, in September 2002, the Debtor retained counsel who, at Debtor's request, formed Smart Realty Trust, a nominee real estate trust ("SmartTrust"). Both Tingley and the Debtor also testified that the Debtor requested, and Tingley agreed, that Tingley would serve as the trustee of SmartTrust.

31. In the Tingley Examination and the Debtor Examination, respectively, both Tingley and the Debtor testified that SmartTrust's sole beneficiary is Michael Marchand II, the Debtor's minor son with the Debtor's current wife, Alison Marchand. According to the Debtor, the Debtor is separated from Alison Marchand, and is currently engaged in divorce proceedings with Alison Marchand in the Worcester Family Court.

32. In the Tingley Examination and the Debtor Examination, respectively, both Tingley and the Debtor testified that the Debtor provided $45,000.00 to Tingley, to fund the purchase of real estate to be held by Tingley as trustee of SmartTrust.

33. On September 26, 2002, Tingley, as trustee of SmartTrust, recorded in the Worcester District Registry of Deeds, a quitclaim deed in which Quaker Stores, Inc. conveyed land located at 10 Balm of Life Spring Road, Uxbridge, MA to Tingley, as trustee of SmartTrust, for consideration of $45,000.00.

34. Despite LFS's extensive document requests to the Debtor, the Debtor failed to produce any records demonstrating how he accumulated the $45,000.00 that he provided to Tingley, records showing the Debtor's provision of the $45,000.00 to Tingley, or records of bank accounts in which the Debtor deposited and held the $45,000.00.

35. In the Debtor Examination and the Tingley Examination, respectively, both the Debtor and Tingley also testified that, in 2003, the Debtor transferred to SmartCo a Caterpillar 303.5 Excavator, S/N: AFW00456 (the "Excavator"), in exchange for SmartCo's funding of payments on the Excavator to the Debtor's secured creditor, Caterpillar Financial Services Corp. ("CFSA").

36. In the Debtor Examination and the Tingley Examination, respectively, both the Debtor and Tingley testified that SmartCo traded in the Excavator to enable SmartCo to acquire another piece of equipment.

37. Despite LFS's extensive document requests to both the Debtor and Tingley, neither the Debtor nor Tingley produced any document concerning the Debtor's transfer of the Excavator to SmartCo, SmartCo's payments to CFSA, the Debtor's loan documents with CFSA, or SmartCo's trade-in of the Excavator for other equipment.

**COUNT I**

**OBJECTION TO DISCHARGE – FALSE OATH OR ACCOUNT
11 U.S.C. §727(a)(4)(A)**

38. LFS repeats and realleges Paragraphs 1 through 37 of this Complaint, as if fully set forth herein.

39. At the §341 Meeting, the Debtor swore an oath to tell the complete truth at such meeting.

-7-

40. Despite his oath to tell the truth at the §341 Meeting, the Debtor falsely testified that he had made no transfers, either out of the ordinary course of business or to family members, within the four (4) years prior to the Petition Date.

41. The Debtor's transfer of $45,000.00 to Tingley, as trustee of SmartTrust, for the benefit of his son as SmartTrust's sole beneficiary, occurred within four (4) years prior to the Petition Date.

42. The Debtor's transfer of the Excavator to SmartCo also occurred within four (4) years prior to the Petition Date.

43. The Debtor knowingly and fraudulently failed to disclose these transfers to the Trustee at the §341 Meeting, and knowingly and fraudulently failed to disclose his relationship with SmartTrust.

44. The Debtor knowingly and fraudulently made a false oath or account at his §341 Meeting by offering false testimony.

WHEREFORE, LFS requests that the Court enter an order denying the Debtor his discharge under Chapter 7, pursuant to 11 U.S.C. §727(a)(4)(A).

## COUNT II

### OBJECTION TO DISCHARGE – FAILURE TO KEEP OR PRESERVE RECORDS
### 11 U.S.C. §727(a)(3)

45. LFS repeats and realleges Paragraphs 1 through 44 of this Complaint, as if fully set forth herein.

46. Despite LFS's extensive document requests to him, the Debtor failed to produce any significant records reflecting his financial condition or assets since termination of the 1999

Case, including bank statements, cancelled checks, receipts, invoices, bills of sale, loan documents, or other similar documents.

47. In the Debtor Examination, the Debtor testified that he pays his obligations only by cash or money order, and does not maintain a bank account because of the possibility that a creditor may put a lien on the account.

48. In the Debtor Examination, the Debtor testified that he does not keep any record of his spending in ledger, calendar, or other medium.

49. Despite LFS's extensive document requests to him, the Debtor was unable to produce any records concerning his transfers to SmartTrust and SmartCo.

50. The Debtor has failed to keep or preserve any recorded information from which his financial condition or business transactions might be ascertained, without justification.

WHEREFORE, LFS requests that the Court enter an order denying the Debtor his discharge under Chapter 7, pursuant to 11 U.S.C. §727(a)(3).

### COUNT III

### OBJECTION TO DISCHARGE – CONCEALMENT OF PROPERTY WITHIN ONE YEAR PRIOR TO THE PETITION DATE
### 11 U.S.C. §727(a)(2)(A)

51. LFS repeats and realleges Paragraphs 1 through 50 of this Complaint, as if fully set forth herein.

52. Pursuant to the terms of SmartTrust's declaration of trust, the beneficiaries of SmartTrust have the right, at any time, to terminate the nominee trust by written notice to Tingley, as trustee.

53. Pursuant to the terms of SmartTrust's declaration of trust, Tingley, as trustee, has

no power or authority to deal in or with the property held in SmartTrust, except as directed by SmartTrust's beneficiaries.

54. On information and belief, the Debtor failed to inform either his son, Michael Marchand II, or his wife, Alison Marchand, that Michael Marchand II is the beneficiary of SmartTrust.

55. Despite LFS's extensive document requests to them, neither Tingley nor the Debtor was able to produce a schedule of beneficiaries for SmartTrust.

56. The Debtor, *de facto*, retained all control over SmartTrust's beneficiary decisions, including the decisions regarding property held in SmartTrust and whether to terminate the nominee trust.

57. From October 14, 2004 through and including the Petition Date, the Debtor retained an equitable interest in all property held in SmartTrust, and used SmartTrust to conceal that interest.

58. From October 14, 2004 through and including the Petition Date, the Debtor was aware and concerned that LFS and other creditors might attach or seize any unencumbered assets that he held in his own name.

59. From October 14, 2004 through and including the Petition Date, the Debtor intentionally and continuously concealed his equitable interest in all property held in SmartTrust, with the intent to hinder, delay or defraud LFS and other creditors.

WHEREFORE, LFS requests that the Court enter an order denying the Debtor his discharge under Chapter 7, pursuant to 11 U.S.C. §727(a)(2)(A).

                                              LACHANCE FINANCIAL SERVICES, INC.,
By its attorneys,


\_\_\_\_/s/ Kevin C. McGee_____
Kevin C. McGee (BBO #548923)
Jeffrey P. Greenberg (BBO #558120)
Philip F. Coppinger (BBO #641664)
SEDER & CHANDLER
339 Main Street
Worcester, MA  01608
Dated: March 16, 2006                  (508) 757-7721